"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON PAGE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IMPAC MORTGAGE HOLDINGS, INC., JOSEPH R. TOMKINSON, WILLIAM S. ASHMORE, JAMES WALSH, FRANK P. FILIPPS, STEPHAN R. PEERS, WILLIAM E. ROSE, LEIGH J. ABRAMS, GRETCHEN D. VERDUGO, SHERALEE URBANO, THE IMPAC MORTGAGE HOLDINGS, INC., EMPLOYEE COMPENSATION AND BENEFITS COMMITTEE, and DOES 1-20,<br><br>Defendants. | CASE NO. SACV 07-1447 AG (MLGx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) |

Before the Court are the Motions of Defendant Impac Mortgage Holdings, Inc. ("Defendant Impac") and Defendants Joseph R. Tomkinson, William S. Ashmore, James Walsh, Frank P. Filipps, Stephan R. Peers, William E. Rose, Leigh J. Abrams, Gretchen D. Verdugo, Sheralee Urbano, ("Individual Defendants") to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("Motions"). After considering all arguments

presented by the parties, the Court GRANTS in part and DENIES in part the Motions.

**BACKGROUND**

According to the pleadings in this case, Defendant Impac is a mortgage real estate investment trust. From May 2006 to the present, Defendant Impac operated a 401(k) Savings Plan ("Plan"). Defendant Impac allowed Plan participants to invest in Defendant Impac's common stock as one of the investment alternatives in the Participant Contribution Component of the Plan.

Plaintiff Sharon Page ("Plaintiff") is a former employee of Defendant Impac and was a participant in the Plan. She claims that the investments in Defendant Impac's common stock led to substantial losses to the Plan and have resulted in the depletion of millions of dollars from the Plan's participants. (First Amended Complaint ¶¶ 4-5.) Plaintiff alleges that Defendants knew that Defendant Impac's common stock was not a good investment, but maintained it as an investment option and failed to inform Plan participants of the relevant facts. Plaintiff brings this action on behalf of the Plan and as a class action.

Plaintiffs' First Amended Complaint ("FAC") seeks relief for: (1) Imprudent Investment of Plan Assets; (2) Deception of the Plan's Participants; (3) Breach of the Duty to Properly Appoint, Mentor, and Inform Other Fiduciaries; (4) Breaches of the Duty of Loyalty; and (5) Co-Fiduciary Liability.

**LEGAL STANDARD**

A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "Ordinary pleading rules are not meant to impose a great

1  burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). "Specific
2  facts are not necessary; the statement need only 'give the defendant fair notice of what the . . .
3  claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200
4  (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)).
5  Thus, a complaint may not be dismissed for failure to state a claim where the allegations
6  plausibly show "that the pleader is entitled to relief." *Bell Atlantic*, 127 S.Ct. at 1965.
7  Conversely, a complaint should be dismissed for failure to state a claim where the factual
8  allegations do not raise the "right of relief above the speculative level." *Id*.

9  The Court must accept as true all factual allegations in the complaint and must draw all
10 reasonable inferences from those allegations, construing the complaint in the light most
11 favorable to the plaintiff. *Westland Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.
12 1993); *see also Enesco Corp v. Price/Costco, Inc*., 146 F.3d 1083, 1085 (9th Cir. 1988). "The
13 court need not, however, accept as true allegations that contradict matters properly subject to
14 judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.
15 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). "Nor is
16 the court required to accept as true allegations that are merely conclusory, unwarranted
17 deductions of fact, or unreasonable inferences." *Id*.

18 Dismissal without leave to amend is appropriate only when the Court is satisfied that
19 the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v.*
20 *Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.
21 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Polich v. Burlington N., Inc.,* 942
22 F.2d 1467, 1472 (9th Cir. 1991).

**ANALYSIS**

### 1.    PRELIMINARY MATTER

Defendants have requested that the Court take judicial notice of three documents referenced and relied on in the FAC. Plaintiff has not objected to this request. Accordingly, the Court takes judicial notice of (1) the Impac Companies 401(k) Savings Plan, as amended and restated, effective January 24, 2001; (2) the Summary Plan Description; and (3) Defendant Impac's Form 11-K for 2007 filed with the Securities and Exchange Commission ("SEC") on October 15, 2007.

### 2.    WHETHER PLAINTIFF HAS STANDING TO BRING THIS CLAIM

Plaintiff resigned as an employee of Defendant Impac on June 12, 2006 and received a full distribution of her benefits under the Plan on January 23, 2007. (Defendant Impac's Motion 4:2-8.) She did not bring her claim against Defendants until December 17, 2007. Because Plaintiff had already "cashed out" of her benefit plan before bringing suit, Defendants argued in their initial briefing on these Motions that Plaintiff lacked standing under the Employee Retirement Income Security Act ("ERISA") to bring her claims.

ERISA provides that only the Secretary of Labor or a "fiduciary," "participant," or "beneficiary" of a retirement plan may sue for relief under ERISA. 29 U.S.C. § 1132(a). If a plaintiff is not one of those persons when she files her complaint, she lacks standing to sue under ERISA, and federal courts lack subject matter jurisdiction to hear her case. *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023, 1026 (9th Cir. 1995). Plaintiff argues that she was a participant of the Plan when she filed her complaint. In their initial briefing on these Motions, Defendants argued that Plaintiff was no longer a "participant" when she filed her complaint.

In September 2008, after briefing on these Motions was completed, the Ninth Circuit

addressed the standing issue directly in *Vaughn v. Bay Environmental Management, Inc.*, 544 F.3d 1008 (9th Cir. Sept. 19, 2008). In *Vaughn*, the Ninth Circuit concluded that:

> former employees who have received a full distribution of their account balances under a defined contribution pension plan have standing as plan participants under ERISA to recover losses occasioned by a breach of fiduciary duty that allegedly reduced the amount of their benefits.

*Vaughn*, 544 F.3d at 1016. The court explained that the holding was necessary to "maintain[] consistency among the circuits" and to "give effect to one of the primary goals of ERISA, preventing the misuse and mismanagement of plan assets by fiduciaries." *Id.* (internal quotation and citations omitted). Defendants now concede that "[u]nder the *Vaughn* holding, Plaintiff likely does have standing." (Defendants' Response to Plaintiff's Notice of Supplemental Authority 2:6.)

The Court finds that under the clear holding of *Vaughn*, Plaintiff remains a "participant" of the Plan and has standing to sue under ERISA.

**3. WHETHER THE SAFE HARBOR PROVISION OF ERISA § 404(c) APPLIES TO BAR PLAINTIFF'S CLAIMS**

Defendants argue that Plaintiff's case must be dismissed because her claims are barred by ERISA § 404(c). Under that section,

> (1)(A) In the case of a pension plan which provides for individual accounts and permits a participant or beneficiary to exercise control over the assets in his account, if a participant or beneficiary

5

> exercises control over the assets in his account . . .
>
> (ii) no person who is otherwise a fiduciary shall be liable under this
> part for any loss, or by reason of any breach, which results from
> such participant's or beneficiary's exercise of control . . . .

29 U.S.C. § 1104(c). According to this section, an ERISA fiduciary will not be liable for a loss when the loss results from a plan participant's control over the assets in the participant's account.

An ERISA plan qualifies as a § 404(c) plan if plan participants (1) are informed that the plan is intended to be a § 404(c) plan; (2) have the opportunity to exercise control over their individual accounts; (3) are offered a broad range of investment alternatives; and (4) in fact exercise control over their individual accounts. 29 C.F.R. § 2550.404c-1. Defendants contend that it is apparent from the FAC that the Plan meets these requirements and that, accordingly, no fiduciary is responsible for Plaintiff's losses.

Plaintiff responds: (1) that § 404(c) is not an appropriate theory for a motion to dismiss; (2) that § 404(c) does not protect fiduciaries who select bad investment options; and (3) that Plaintiff was not provided enough information about her investment options to "exercise control" over her investments. The Court will address these arguments in turn.

Plaintiff fails with her first argument that § 404(c) is a defense and does not provide a basis for a motion to dismiss. The court in *Hecker v. Deere & Co.*, 496 F. Supp. 2d 967, 975 (W.D. Wis. 2007), directly addressed this question, and relied on 404(c) to dismiss a complaint alleging breach of fiduciary duties under ERISA. According to that court, "a motion to dismiss may be based on a defense provided that the allegations of the complaint (and . . . documents deemed to be part of the complaint) establish all the ingredients of the defense." *Id.* (*citing U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003)). Thus, this Court may look to the allegations of the FAC and the documents attached thereto to determine whether to grant this Motion based on § 404(c).

Plaintiff's second argument is that § 404(c) does not protect fiduciaries who choose bad investment options. In other words, Plaintiff claims that Defendants are not protected by § 404(c) because they breached their fiduciary duties by presenting Defendant Impac's stock as an investment option for Plaintiff to choose. The Fifth Circuit has stated the issue precisely:

> The losses here could not have occurred but for two separate acts: the fiduciary's inclusion of "bad" stocks into the pot, and the participants' choices to invest in those "bad" stocks with full § 404(c) disclosure. When there are two actual causes of the loss, assuming the plan complies with § 404(c) regulations, how does a court determine whether the loss "results from" the participants' exercise of control, which in turn determines whether the [§ 404(c)] defense applies?

*Langbecker v. Electronic Data Systems Corp.*, 476 F.3d 299, 310 (5th Cir. Jan. 18, 2007).

The parties present two directly conflicting circuit court cases on this issue, *DiFelice v. U.S. Airways*, 497 F.3d 410 (4th Cir. Aug. 1, 2007), and *Langbecker*, 476 F.3d 299 (5th Cir. Jan. 18, 2007). The Fifth Circuit concluded that § 404(c) must apply even when a fiduciary breached a duty by including a bad investment option. *Langbecker*, 476 F.3d at 310. The Fourth Circuit, to the contrary, concluded that the § 404(c) safe harbor "does not apply to a fiduciary's decisions to select and maintain certain investment options within a participant-driven 401(k) plan." *DiFelice*, 497 F.3d at 418 n.3.

This Court is more convinced by the reasoning in *DiFelice* and in the dissent to *Langbecker*, especially since those opinions are in line with the Department of Labor's interpretation of § 404(c). *See* Preamble to Reg. § 2550.404(c), 57 Fed. Reg. At 46924 n.27 (October 13, 1992); DOL Advisory Opinion No. 98-04A, 1998 WL 326300, at *1, *3 n.1 (May 28, 1998); DOL Advisory Letter, 1997 WL 1824017, at *2 (Nov. 26, 1997). Accordingly, the safe harbor of § 404(c) does not apply in this case, and the case will not be dismissed on this

basis.

### 4. WHETHER PLAINTIFF HAS STATED A CLAIM AGAINST DEFENDANT IMPAC FOR BREACH OF FIDUCIARY DUTY

Defendant Impac next argues that Plaintiff has failed to state a claim against Defendant Inpac for breach of fiduciary duty under ERISA because: (1) Defendant Impac's alleged false statements were not made in a fiduciary capacity; (2) Defendant Impac did not breach a fiduciary duty by offering its own stock as an investment option; (3) Plaintiff fails to state a claim for breach of the duty of loyalty; (4) Plaintiff's claim for breach of co-fiduciary liability fails absent an underlying fiduciary breach; and (5) Plaintiff fails to allege facts supporting disgorgement or imposition of a constructive trust.  The Court will address these arguments in turn.

#### 4.1 Defendant Impac's Argument that its Alleged False Statements Were Not Made in a Fiduciary Capacity

Defendant Impac argues that Plaintiff's claims against it are based on allegations of false and misleading statements in public documents.  Defendant then argues that these allegations cannot state a claim for breach of its ERISA fiduciary duties, because Defendant Impac was not acting as a fiduciary when it made those statements.  Finally, Defendant argues that Plaintiff's attempt to convert Defendant Impac's public statements into fiduciary communications must fail, because ERISA does not impose a general duty of disclosure on fiduciaries.  Plaintiffs respond that under ERISA, Defendant Impac had a general duty of disclosure to Plan participants and that "Defendants' SEC filings, press releases and investor conference calls are an appropriate method to measure whether Defendants put the ERISA Class on notice of the truth regarding the imprudence of the Company's stock."  (Opposition

13:28-14:3.)  The Court agrees with Plaintiff that Impac had a general duty to disclose and that Defendants' SEC filings, press releases, and investor conference calls may appropriately be examined to determine whether Defendants properly put the ERISA Class on notice of the prudence of the Company's stock.

The Ninth Circuit has not ruled on this question, and "[d]istrict courts in this circuit are divided on the question of a fiduciary's duty to disclose information concerning the soundness of investments." *In re Fremont General Corp. Litig.*, 2:07-cv-2693-FMC (FFMx), Order Denying Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint, at 5 (C.D. Cal. May 30, 2008); *see, e.g.*, *In re Calpine Corp.*, 2005 WL 1431506 (N.D. Cal. Mar. 31, 2005); *Alvidres v. Countrywide Financial Corp.*, 2008 WL 819330, *4 (C.D. Cal. Mar. 18, 2008). This Court is most convinced, however, by the reasoning in *In re Fremont*, which supports Plaintiff's argument.  In that case, the court held that "the allegations in the Complaint in this case – that Defendants should have known that investing in Fremont General stock was imprudent and should have informed the beneficiaries of circumstances which made it so – are sufficient to state a claim." *In re Fremont*, 2:07-cv-2693, at 5.  This Court reaches the same holding here.

### 4.2 Defendant Impac's Argument That it Did Not Breach a Fiduciary Duty by Offering its Own Stock as an Investment Option

Defendant Impac argues second that it did not breach a fiduciary duty by offering its own stock as an investment option.  According to Defendant Impac, Plaintiff's claims are essentially claims that Defendant Impac failed to diversify its assets.  Defendant Impac argues that such claims fail against the Plan because ERISA imposes no duty to diversify on plans purchasing employer stocks.  Plaintiff responds that its claims are not of a failure to diversify, but of a failure to adhere to the prudent man standard of care.  The Court agrees with Plaintiff that her claim survives this argument.

While "[t]he plain language of 29 U.S.C. § 1104(a)(2) does not require fiduciaries of an eligible individual account plan to diversify their investment outside of company stock in order to meet the prudent man standard of care . . . [it] does not exempt fiduciaries from the first prong of the prudent man standard, which requires a fiduciary to act with care, skill, prudence, and diligence in any investment the fiduciary chooses." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1102 (9th Cir. 2008). Accordingly, a claim is stated against a fiduciary who buys stocks in a company while knowing that the company is engaged in illegal dealings, because he has not "discharge[d] his duties with respect to a plan solely in the interest of participants 'with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims.'" *Id.* at 1103 (citing 29 U.S.C. § 1104(a)(1)(B).

Here, Plaintiff has alleged that Defendant Impac, among other things, was offering mortgages to less creditworthy borrowers, experiencing an increasing level of loan delinquencies, and failing to comply with its own underwriting standards. (FAC ¶ 104.) These allegations are enough to state that, like in *In re Syncor*, Defendant Impac was not discharging his fiduciary duties with adequate care. *See In re Fremont*, 2:07-cv-2693, at 5 (holding that complaint alleging mismanagement of company was sufficient to state a claim that company breached fiduciary duties by allowing employees to continue investing in company stock); *Alvidres*, 2008 WL 819330, at *2 (same). Accordingly, Plaintiff has adequately stated a claim that Defendant Impac failed to adhere to a prudent man standard of care by continuing to include Defendant Impac's stock in the Plan's investment options.

### 4.3    Defendant Impac's Argument that Plaintiff has not Stated a Claim for Breach of the Duty of Loyalty

Defendant Impac next argues that Plaintiff has failed to state a claim for breach of the

duty of loyalty. Plaintiff does not respond to this argument. Accordingly, the Motion is GRANTED with leave to amend as to the Fourth Claim for Relief against all Defendants.

### 4.4 Defendant Impac's Argument Against Plaintiff's Claim for Breach of Co-Fiduciary Liability

Defendant Impac argues that Plaintiff's claim for breach of co-fiduciary liability fails, because Plaintiff has not stated a claim for an underlying fiduciary breach. But in Section 4.2 of this Order, the Court found that Plaintiff *has* stated a claim for an underlying fiduciary breach. Thus, this argument fails.

### 4.5 Defendant Impac's Argument Against Plaintiff's Claim for Disgorgement or Imposition of a Constructive Trust

Finally, Defendant Impac argues that Plaintiff has failed to allege facts supporting disgorgement or imposition of a constructive trust. Plaintiff does not respond to this argument. Accordingly, the Motion is GRANTED with leave to amend as to the Sixth Claim for Relief.

### 5. WHETHER PLAINTIFF HAS ADEQUATELY PLEAD CAUSATION

Defendants argue that even if Plaintiff has standing, if her claim is not barred by § 404(c), and if she has adequately stated a claim for relief, her claims must be dismissed for failure to allege causation. Defendants argue that "Plaintiff identifies no lawful action that could have been taken by the fiduciaries that would have avoided the decline in Impac's stock price." (Individual Defendants' Motion 18:2-3.) The Court rejects this argument. Plaintiff has adequately pled that she may have suffered less damages if Defendant Impac had disclosed its problems earlier or had withdrawn Impac common stock as an investment option.

## 6. WHETHER PLAINTIFF HAS STATED CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Finally, the Individual Defendants argue that Plaintiff has not stated claims for relief against them individually. The Court will address their arguments in turn.

### 6.1 Gretchen D. Verdugo

The Individual Defendants argue that Plaintiff has alleged no facts showing that Gretchen D. Verdugo was a fiduciary under the Plan. The Court agrees. The Motion is GRANTED with leave to amend as to the claims against Gretchen D. Verdugo.

### 6.2 Defendants Walsh, Filipps, Peers, Rose, and Abrams

The FAC states that Defendants Walsh, Filipps, Peers, Rose, and Abrams were all directors of Defendant Impac. (FAC ¶ 29.) The FAC then states that each of these individuals

> was a fiduciary within the meaning of ERISA, because he exercised discretionary authority or discretionary control with respect to the appointment of Plan fiduciaries and with respect to the respect to the management of the Plan, he possessed discretionary authority or discretionary responsibility in the administration of the Plan, and he exercised authority or control with respect to the management of the Plan's assets.

(*Id.*)  But Plaintiff does not adequately state that these defendants breached any fiduciary duties they may have had toward the plan.  The Motion is GRANTED with leave to amend as to the claims against Defendants Walsh, Filipps, Peers, Rose, and Abrams.

### 6.3     Defendants Tomkinson and Ashmore

Plaintiff has also failed to adequately state claims against these defendants.  The Motion is GRANTED with leave to amend as to the claims against Defendants Tomkinson and Ashmore.

### 6.4     Defendant Urbano and the Committee

The Individual Defendants claim that Plaintiff has failed to state a claim against Defendant Urbano and the Committee, based on the argument that Plaintiff has failed to state a claim for breach of the fiduciary duty to prudently choose investment options.  Because the Court has rejected that argument, the Court finds that Plaintiff has adequately stated a claim against Defendant Urbano and the Committee.

**DISPOSITION**

Defendants' Motion to Dismiss Plaintiffs's FAC is DENIED in part and GRANTED in part with leave to amend. Defendant's Motion is GRANTED with leave to amend as to the Fourth and Sixth Claims for Relief, and as to Defendants Verdugo, Walsh, Filipps, Peers, Rose, Abrams, Tomkinson, and Ashmore. If Plaintiff desires to do so, she shall file a second amended complaint within 21 days hereof setting forth adequate allegations against Defendants. The second amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.

IT IS SO ORDERED.

DATED: March 31, 2009

_____
Andrew J. Guilford
United States District Judge