Case 8:07-cv-01447-AG-MLG Document 64-2 Filed 08/_4/2009 Page 1 of 9

CHAMBERS COPY
DO NOT FILE

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
SEP 14 2009
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

JS6

"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

SHARON PAGE, on Behalf of Herself All Others Similarly Situated,

Plaintiff,

v.

IMPAC MORTGAGE HOLDINGS, INC., JOSEPH R. TOMKINSON, WILLIAM S. ASHMORE, JAMES WALSH, FRANK P. FILIPPS, STEPHAN R. PEERS, WILLIAM E. ROSE, LEIGH J. ABRAMS, GRETCHEN D. VERDUGO, SHERALEE URBANO, THE IMPAC MORTGAGE HOLDINGS, INC. EMPLOYEE COMPENSATION AND BENEFITS COMMITTEE, and DOES 1 through 20,

Defendants.

CASE NO.: SACV-07-1447-AG(MLGx)

CLASS ACTION

**ORDER AND FINAL JUDGMENT**

Case 8:07-cv-01447-AG-MLG Document 64-2 Filed 08/_4/2009 Page 2 of 9

# ORDER AND FINAL JUDGMENT

This Action came on for a fairness hearing on a proposed settlement (the "Settlement") on the terms set forth in the Stipulation of Settlement dated June 2, 2009 (the "Agreement" or the "Stipulation"). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

2. Pursuant to Fed. R. Civ. P. 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

3. The Court hereby approves the Agreement and orders that the Agreement shall be consummated and implemented in accordance with its terms and conditions.

4. Subject only to the provisions of paragraphs 5 and 10 below and for settlement purposes only, the Court hereby grants class certification to the class of persons defined as: "All persons who are Participants in or beneficiaries of the Plan at any time between May 6, 2006 and the present (the 'Class Period') and whose accounts included investments in Impac Mortgage Holdings, Inc. ('Impac' or 'IMH') common stock" (the "Settlement Class"). Plaintiff Sharon Page is appointed as the Class representative and Gainey & McKenna and Stull Stull & Brody are appointed Class Counsel pursuant to Fed. R. Civ. P. 23(g).

5. Subject only to the provisions of paragraph 11 below and for settlement purposes only, the Court finds that the Settlement Class is properly certified under Fed. R. Civ. P. 23(b)(1) and 23(b)(2) and makes the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

Case 8:07-cv-01447 . .G-MLG Document 64-2 Filed 0. .4/2009 Page 3 of 9

A. The Settlement Class is so numerous that it is impractical to bring all class members before the Court individually. Plan records show that there are approximately 400 members of the Settlement Class. The size of this group satisfies Fed. R. Civ. P. 23(a)(1).

B. The Settlement Class allegations present common questions of law or fact in satisfaction of Rule 23(a)(2). Questions of law and fact that are common to the Class include:

- Whether IMH Stock was a prudent investment for the Plan during the Class Period;
- Whether the Plan's disclosures to participants regarding the IMH Stock complied with ERISA requirements;
- Whether the Defendants breached fiduciary obligations under ERISA by allegedly not discontinuing IMH Stock as an investment option for the Plan;
- Whether the Defendants breached fiduciary obligations under ERISA by allegedly not providing additional or different information to participants regarding IMH Stock;
- Whether certain Defendants breached fiduciary obligations to the Plan and participants by allegedly failing to prudently monitor the other Defendants, such that the Plan's and participants' interests were not adequately protected and served; and
- Whether as a result of the alleged fiduciary breaches engaged in by the Defendants the Plan and its participants and beneficiaries suffered losses.

C. Fed. R. Civ. P. 23(a)(3) requires that the claims of the proposed representative plaintiffs be typical of the claims of the proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the

Case 8:07-cv-01447-AG-MLG Document 64-2 Filed 08/14/2009 Page 4 of 9

proposed Settlement Class members, and where the claims are based on the same legal theory. In the present case, the Plaintiff alleges, among other things, that she was a Plan participant or beneficiary during the Class Period, that the Plan's fiduciaries treated her and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the Plaintiff are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

D. The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. Plaintiff has no conflicting interests with absent members of the Settlement Class. The Court is satisfied that Class Counsel is qualified, experienced and properly prepared to represent the Settlement Class.

E. The Settlement Class not only satisfies each requirement of Fed. R. Civ. P. 23(a), but also the requirements of Fed. R. Civ. P. 23(b)(1) and 23(b)(2). In particular:

i. The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

ii. Based on allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class.

iii. Based on allegations in the Complaint that the Defendants engaged in uniform misconduct affecting members of the proposed Settlement Class, the claims of the Plaintiff are typical of the claims of the Settlement Class.

iv. Plaintiff will fairly and adequately protect the interest of the Settlement Class in that (a) the interests of Plaintiff and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (b) there appear to be no

    Case 8:07-cv-01447-AG-MLG Document 64-2 Filed 08/14/2009 Page 5 of 9

conflicts between or among Plaintiff and the Settlement Class, and (c) Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

v. The prosecution of separate matters by individual members of the Settlement Class would create a risk of adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

vi. Based on allegations in the Complaint, Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

F. The Court has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel who seek to represent the Settlement Class in this matter have done substantial work to identify and to investigate potential claims in the Action. They have refined the allegations through an initial and amended complaint. Class Counsel state that they have investigated the allegations made in the Complaint by interviewing witnesses, reviewing publicly available information, reviewing numerous documents obtained in the course of discovery, participating in deposition discovery and consulting with experts. This is the type of investigation that is proper and sufficient at this stage of litigation, which tends to support the Court's finding that Class Counsel will fairly and adequately represent the interests of the

G. The Settlement Class has been given proper and adequate notice of the Agreement, the final fairness hearing, Lead Counsel's motion for attorneys' fees and expenses and for Plaintiff's compensation, such notice having been carried out in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections, as well as the availability of the Class Notice and other information about the Action and the Settlement at the website identified in the Class Notice. Such notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

H. For purposes of the settlement only, the Defendants have not taken any position with regard to whether a class can, should, or would be certified if that question were fully litigated before the Court. In approving this Settlement, neither the Court nor the Plaintiff have relied on any position taken or argument made by the Defendants with respect to class certification.

I. Neither the Plaintiff nor the Defendants have, for the purposes of any form of estoppel, "prevailed" upon any argument or position related to class certification that the Defendants have asserted in the Court with respect to this Action and the Plaintiff would not be prejudiced if (i) this Settlement were not approved or such approval were reversed on appeal and (ii) the Defendants later objected to the certification of any proposed class in this Action.

Case 8:07-cv-01447-AG-MLG Document 64-2 Filed 08/14/2009 Page 7 of 9

6. Subject only to the provisions of paragraph 11 below, the Court finds that the Settlement embodied in the Agreement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The Settlement was negotiated vigorously and at arm's-length by the Plaintiff and her experienced counsel on behalf of the Settlement Class seeking Plan-wide relief for the Plan pursuant to ERISA §§ 409 and 502(a)(2).

B. This Action settled during the discovery period, after the completion of significant document discovery and after the Parties had fully briefed Defendants' motions to dismiss the Complaint. The Action settled after a series of arms-length negotiations between the parties. Both Plaintiff and Defendants were well positioned to evaluate the settlement value of the Action.

C. If the Settlement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation. Plaintiff contends that their chances of success at trial were excellent in view of, inter alia, (i) alleged favorable determinations of legal issues in similar cases, (ii) the expert testimony that Plaintiff expected to offer at trial and (iii) the alleged structure of the Plan and its administration. Defendants contend that their chances of success at trial were excellent in view of, *inter alia*, (i) alleged legal presumptions favoring the offering of company stock in ERISA defined contribution plans, (ii) what Defendants characterize as Plaintiff's high burden of proof at trial, (iii) the expert testimony that Defendants expected to offer at trial, (iv) other possible explanations for the Plan's alleged losses unrelated to actions or inactions of the Plan's fiduciaries, and (v) alleged favorable determinations of legal issues in similar cases. The Court takes no position on the merits of either Plaintiff's or Defendants' cases, but notes these arguments as evidence in support of the reasonableness of the Settlement.

   Case 8:07-cv-01447-AG-MLG Document 64-2 Filed 08/14/2009 Page 8 of 9

D. The terms of the Settlement are fair, reasonable, and adequate. The Settlement amount is within the range of settlement values obtained in similar cases and is within the range of reasonable settlements appropriate in this case.

E. At all times, the Plaintiff has acted independently of Defendants.

F. The Court has duly considered each objection to the Settlement that was filed, and the Court denies each objection.

7. Subject only to the provisions of paragraph 11 below, the Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

8. Subject only to the provisions of paragraph 11 below, by operation of this Judgment, effective upon the entry of the Judgment by the Court, Plaintiff on behalf of herself and on behalf of the Settlement Class and the Plan, absolutely and unconditionally releases and forever discharges the Releasees from Released Claims that Plaintiff or the Settlement Class on behalf of the Plan directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, except that the release shall not include claims relating to the covenants or obligations set forth in this Agreement. Also effective upon entry of the Judgment by the Court, Plaintiff and all other members of the Settlement Class and Plaintiff on behalf of the Plan shall be permanently and finally enjoined, without the necessity of Defendants posting a bond, from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly, indirectly, derivatively, or in any other capacity, against any of the Releasees.

9. Subject only to the provisions of paragraph 10 below, by operation of this Judgment, the Defendants absolutely and unconditionally release and forever discharge the Plaintiff, members of the Settlement Class and Class Counsel from any claim which arises out of or relates in any way the institution, prosecution or settlement of the Action (except for claims to enforce the Settlement). The Court

Case 8:07-cv-0144 . G-MLG Document 64-2 Filed 0 -4/2009 Page 9 of 9

hereby approves and incorporates the releases contained in paragraph 12 of the Agreement.

10. The Court retains exclusive jurisdiction over the Agreement and retains exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Judgment, or the Agreement or the termination of the Agreement. The Court shall also retain exclusive jurisdiction over and rule by separate order with respect to all motions for awards of attorneys' fees and to Plaintiff and reimbursements of expenses made pursuant to Section 20 of the Agreement.

11. In the event that the Agreement is terminated in accordance with its terms, (i) this Judgment shall be rendered null and void and shall be vacated nunc pro tunc, (ii) the Action shall proceed as provided in the Agreement, (iii) the Defendants shall be permitted to object to the certification of any proposed class in this Action, and (iv) the Defendants shall not be judicially or equitably estopped from arguing against the certification of any class in this Action.

12. This Judgment shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or Defendants of any fault, wrongdoing, breach or liability.

SO ORDERED this 14th day of Sept, 2009.

HON. JUDGE ANDREW J. GUILFORD
UNITED STATES DISTRICT COURT FOR
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION